```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,
v.                                       Case No. 8:14-cv-1621-T-33TGW

AJ 3860, LLC and SOUTHEAST
SHOWCLUBS, LLC,

               Defendants.
_____/

**ORDER**

This cause is before the Court sua sponte. For the reasons that follow, the Court finds Defendant AJ 3860, LLC in default for failure to respond to the Second Amended Complaint and strikes Defendant AJ 3860, LLC's pleadings and other submissions as a sanction for its failure to retain counsel. The Court furthermore directs the EEOC to promptly move for the entry of Clerk's default as to AJ 3860, LLC.

**Discussion**

The EEOC initiated this employment discrimination and retaliation action against AJ 3860, LLC on July 2, 2014. (Doc. # 1). With the assistance of counsel, AJ 3860, LLC filed a Motion to Dismiss the Complaint on September 24, 2014. (Doc. # 9). The Court denied the Motion as moot on October 8, 2014, based on the EEOC's filing of an Amended Complaint. (Doc. ## 12, 13). AJ 3860, LLC filed an Answer on October 22, 2014.

(Doc. # 19). With leave of Court, the EEOC filed a Second Amended Complaint on March 5, 2015, adding Southeast Showclubs, LLC as a Defendant. (Doc. # 25).

On March 19, 2015, in the context of a motion for an extension of time for AJ 3860, LLC to respond to the Second Amended Complaint, counsel for AJ 3860, LLC signaled their intention to withdraw from the case, citing irreconcilable differences. (Doc. # 27). On March 20, 2015, the Court extended the deadline for AJ 3860, LLC to respond to the Second Amended Complaint to April 2, 2015. (Doc. # 28). The Court once again extended the deadline for AJ 3860, LLC to respond to the Complaint, upon AJ 3860, LLC's Motion, on April 2, 2015, authorizing AJ 3860, LLC to respond to the Second Amended Complaint by April 22, 2015. (Doc. ## 30, 31).

AJ 3860, LLC's counsel moved to withdraw on March 23, 2015. (Doc. # 29). On April 10, 2015, the Court granted the motion to withdraw and specified: "a corporation must be represented by counsel and cannot appear pro se. In this regard, the defendant shall have until April 22, 2015, to file a notice of appearance of new counsel, or it will be subject to default for failure to respond to the second amended complaint." (Doc. # 32 at 1-2)(internal citation omitted).

AJ 3860, LLC failed to secure representation of counsel,

and failed to respond to the Second Amended Complaint, which prompted this Court to issue an Order finding AJ 3860, LLC in default and warning AJ 3860, LLC that it would be subject to entry of a default judgment. (Doc. # 33). In an abundance of fairness to AJ 3860, LLC, the Court authorized a limited extension of time, until May 8, 2015, for AJ 3860, LLC to obtain counsel. The Court warned: "failure to do so will result in an Order sua sponte striking AJ 3860, LLC's pleadings, which will poise AJ 3860, LLC for the entry of a judgment by default." (Id. at 4).

As of today's date, AJ 3860, LLC has failed to retain new counsel, and the deadline for it to do so has expired. In addition, AJ 3860, LLC has failed to respond to the operative complaint, and the deadline for its response has also passed. This Court has given AJ 3860, LLC multiple opportunities to respond to the operative complaint and to retain counsel. In addition, the Court has provided ample warning regarding the consequences for failure to do so. As a corporation without counsel, AJ 3860, LLC is unable to respond to the Second Amended Complaint or otherwise defend against the EEOC's action.

Thus, at this juncture, the Court finds it necessary to strike AJ 3860, LLC's pleadings based on its failure to abide

by the Court's clear and repeated directive to retain counsel. See Kaplun v. Lipton, No. 06-20327-CIV, 2007 WL 707383, at *1 (S.D. Fla. Mar. 5, 2007)(entering default judgment against corporate defendant for failure to obtain counsel per court order); Tumi v. Wally's Waterfront, Inc., No. 2:05-cv-551-FtM-29SPC, 2007 WL 678013, at *1 (M.D. Fla. Mar. 5, 2007)(finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court); Cuervo v. Airport Servs., No. 12-cv-20608, 2014 U.S. Dist. LEXIS 82341, at *6 (S.D. Fla. June 17, 2014)(striking answer of corporate defendant after the corporation's attorney withdrew from the case and corporation failed to comply with court orders, including directive to retain new counsel).

After AJ 3860, LLC's pleadings have been stricken, the EEOC is directed to move for the entry of a Clerk's default against AJ 3860, LLC. Thereafter, the EEOC may move for the entry of a final default judgment at the appropriate time.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] The Court notes that the EEOC also asserts claims against Southeast Showclubs, LLC in its March 5, 2015, Second Amended Complaint. The record does not reflect that the EEOC has perfected service upon Southeast Showclubs, LLC at this juncture.

(1) The Clerk is directed to strike all pleadings and other submissions tendered by Defendant AJ 3860, LLC.

(2) The EEOC is directed to file a motion for the issuance of a Clerk's default against AJ 3860, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of May, 2015.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record